MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ISAURO ABIGAIL CLEMENTE VASQUEZ,
*individually,*

*Plaintiff*,

-against-

T & W RESTAURANT, INC.  (D/B/A SHUN
LEE WEST), MICHAEL TONG , BIN HU,
XIAORAN WANG, DAVID DITRICK, and
ANDY DOE,

*Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**ECF Case**

Plaintiff Isauro Abigail Clemente Vasquez ("Plaintiff Clemente" or "Mr. Clemente"), individually, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against T & W Restaurant, Inc. (d/b/a Shun Lee West), ("Defendant Corporation"), Michael Tong, Bin Hu, Xiaoran Wang, David Ditrick, and Andy Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Clemente is a former employee of Defendants T & W Restaurant, Inc. (d/b/a Shun Lee West), Michael Tong, Bin Hu, Xiaoran Wang, David Ditrick, and Andy Doe.

2. Defendants own, operate, or control a Chinese restaurant, located at 43 W 65th Street, New York, New York 10023-6601 under the name "Shun Lee West".

3. Upon information and belief, individual Defendants Michael Tong, Bin Hu, Xiaoran Wang, David Ditrick, and Andy Doe, serve or served as owners, managers, principals, or agents of

Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Clemente was employed as a food preparer at the restaurant located at 43 W 65th Street, New York, New York 10023-6601.

5. At all times relevant to this Complaint, Plaintiff Clemente worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Rather, prior to 2017 Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Clemente appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Clemente the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Clemente to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Clemente now brings this action on behalf of himself, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Clemente's state law claims under 28 U.S.C. § 1367(a).

11.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Chinese restaurant located in this district. Further, Plaintiff Clemente was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

12.     Plaintiff Isauro Abigail Clemente Vasquez ("Plaintiff Clemente" or "Mr. Clemente") is an adult individual residing in Bronx County, New York.

13.     Plaintiff Clemente was employed by Defendants at "Shun Lee West" from approximately 2002 until on or about October 20, 2018.

### *Defendants*

14.     At all relevant times, Defendants owned, operated, or controlled a Chinese restaurant, located at 43 W 65th Street, New York, New York 10023-6601 under the name "Shun Lee West".

15.     Upon information and belief, T & W Restaurant, Inc. (d/b/a Shun Lee West) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 43 W 65th Street, New York, New York 10023-6601.

16.     Defendant Michael Tong is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Tong is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Tong possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Clemente, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

17.     Defendant Bin Hu is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Bin Hu is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Bin Hu possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Clemente, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

18.     Defendant Xiaoran Wang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Xiaoran Wang is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Xiaoran Wang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Clemente, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant David Ditrick is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Ditrick is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Ditrick possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Clemente, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Andy Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andy Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Andy Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Clemente, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

21.     Defendants operate a Chinese restaurant located in the Upper West Side section of Manhattan in New York City.

22.     Individual Defendants, Michael Tong, Bin Hu, Xiaoran Wang, David Ditrick, and Andy Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Clemente's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Clemente, referred to herein.

25.     Defendants jointly employed Plaintiff Clemente and are Plaintiff Clemente's employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Clemente.

27.     Upon information and belief, Individual Defendants Michael Tong, Bin Hu, Xiaoran Wang and David Ditrick operate Defendant Corporation as either an alter ego of themselves and/or

failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Clemente's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Clemente, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Clemente's services.

29.    In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Clemente is a former employee of Defendants who was employed as a food preparer.

*Plaintiff Isauro Abigail Clemente Vasquez*

32.     Plaintiff Clemente was employed by Defendants from approximately 2002 until on or about October 20, 2018.

33.     Defendants employed Plaintiff Clemente as a food preparer.

34.     Plaintiff Clemente regularly handled goods in interstate commerce, such as vegetables, drinks and other supplies produced outside the State of New York.

35.     Plaintiff Clemente's work duties required neither discretion nor independent judgment.

36.     Throughout his employment with Defendants, Plaintiff Clemente regularly worked in excess of 40 hours per week.

37.     From approximately October 2012 until on or about October 2017, Plaintiff Clemente worked from approximately 1:00 p.m. until on or about 11:30 p.m., 6 days a week (typically 63 hours per week).

38.     From approximately October 2017 until on or about October 20, 2018, Plaintiff Clemente worked from approximately 1:00 p.m. until on or about 4:00 p.m. and then from 5:00 p.m. until on or about 10:00 p.m., 5 days a week (typically 40 hours per week).

39.     Throughout his employment, Defendants paid Plaintiff Clemente his wages by check.

40.     From approximately October 2012 until on or about October 2015, Defendants paid Plaintiff Clemente a fixed salary of $438.00 per week, (However, Defendants backed in Plaintiff

Clemente's salary and showed in the paystubs that they paid him $10.35 per hour for 40 hours worked and $15.53 per hour for only 8 overtime hours per week).

41.     From approximately November 2015 until on or about December 2016, Defendants paid Plaintiff Clemente a fixed salary of $458.00 per week (However, Defendants backed in Plaintiff Clemente's salary and showed in the paystubs that they paid him $10.90 per hour for 40 hours worked and $16.35 per hour for only 8 overtime hours per week).

42.     From approximately January 2017 until on or about October 5, 2018, Defendants paid Plaintiff Clemente a fixed salary of $462 per week (However, Defendants backed in Plaintiff Clemente's salary and showed in the paystubs that they paid him $11.00 per hour for 40 hours worked and $16.50 per hour for only 8 overtime hours per week).

43.     From approximately January 2018 until on or about October 5, 2018, Defendants paid Plaintiff Clemente a fixed salary of $466 per week (However, Defendants backed in Plaintiff Clemente's salary and showed in the paystubs that they paid him $14.30 per hour for 40 hours worked per week)

44.     From approximately October 6, 2018 until on or about October 20, 2018, Defendants paid Plaintiff Clemente a fixed salary of $550 per week.

45.     For approximately half a week, Defendants did not pay Plaintiff Clemente any wages for his work.

46.     Prior to 2017, Defendants never granted Plaintiff Clemente any breaks or meal periods of any kind.

47.     Prior to 2017, Plaintiff Clemente was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48.     On a number of occasions, Defendants required Plaintiff Clemente to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

49.     Defendants did not provide Plaintiff Clemente an accurate statement of wages, as required by NYLL 195(3).

50.     In fact, Defendants engaged in the illegal backing in of Plaintiff Clemente's salary.

51.     Specifically, Defendants took Plaintiff Clemente's weekly salary and back it into the 48 hours they falsely recorded him as working, so that he appeared to be getting an hourly rate over the minimum wage for the first 40 hours and time and a half for the eight hours of overtime.

52.     Defendants did not give any notice to Plaintiff Clemente, in English and in Spanish (Plaintiff Clemente's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.     Defendants required Plaintiff Clemente to purchase "tools of the trade" with his own funds—including 12 pair of cooking shoes.

*Defendants' General Employment Practices*

54.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Clemente  to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

55.     Plaintiff Clemente was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56.     Defendants' pay practices resulted in Plaintiff Clemente not receiving payment for all his hours worked, and resulted in Plaintiff Clemente's effective rate of pay falling below the required minimum wage rate.

57.     Prior to 2017, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58.     On a number of occasions, Defendants required Plaintiff Clemente to sign a document the contents of which he was not allowed to review in detail.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Clemente worked, and to avoid paying Plaintiff Clemente properly for his full hours worked.

60.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Clemente.

62.     Defendants failed to provide Plaintiff  Clemente with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.     Defendants failed to provide Plaintiff Clemente, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

- 10 -

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

64.     Plaintiff Clemente repeats and realleges all paragraphs above as though fully set forth herein.

65.     At all times relevant to this action, Defendants were Plaintiff Clemente's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Clemente, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

66.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68.     Defendants failed to pay Plaintiff Clemente at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69.     Defendants' failure to pay Plaintiff Clemente at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70.     Plaintiff Clemente was damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

71.     Plaintiff Clemente repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Clemente overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73.     Defendants' failure to pay Plaintiff Clemente, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiff Clemente was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

75.     Plaintiff Clemente repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff Clemente's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Clemente, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

77.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Clemente less than the minimum wage.

78.     Defendants' failure to pay Plaintiff Clemente the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

79.     Plaintiff Clemente was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

80.     Plaintiff Clemente repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Clemente  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.     Defendants' failure to pay Plaintiff Clemente overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Clemente was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

84.     Plaintiff Clemente repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants failed to pay Plaintiff Clemente one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Clemente's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

86.     Defendants' failure to pay Plaintiff Clemente an additional hour's pay for each day Plaintiff Clemente's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

87.     Plaintiff Clemente was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

88.     Plaintiff Clemente repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants failed to provide Plaintiff Clemente with a written notice, in English and in Spanish (Plaintiff Clemente's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

- 13 -

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

90.     Defendants are liable to Plaintiff Clemente in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

91.      Plaintiff Clemente repeats and realleges all paragraphs above as though fully set forth herein.

92.      With each payment of wages, Defendants failed to provide Plaintiff Clemente with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93.     Defendants are liable to Plaintiff Clemente in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

94.      Plaintiff Clemente repeats and realleges all paragraphs above as though fully set forth herein.

95.      Defendants required Plaintiff Clemente to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R.

§ 531.35; N.Y. Lab. Law §§ 193 and 198-b.

96.     Plaintiff Clemente was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clemente respectfully requests that this Court enter judgment

against Defendants by:

(a)     Declaring that Defendants violated the minimum wage provisions of, and associated

rules and regulations under, the FLSA as to Plaintiff Clemente;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated

rules and regulations under, the FLSA as to Plaintiff Clemente;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff Clemente's

compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as

to Plaintiff Clemente;

(e)     Awarding Plaintiff Clemente damages for the amount of unpaid minimum wage,

overtime compensation, and damages for any improper deductions or credits taken against wages

under the FLSA as applicable;

(f)     Awarding Plaintiff Clemente liquidated damages in an amount equal to 100% of his

damages for the amount of unpaid minimum wage and overtime compensation, and damages for

any improper deductions or credits taken against wages under the FLSA as applicable pursuant to

29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff Clemente;

(h)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Clemente;

(i)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Clemente;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Clemente's compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Clemente;

(l)      Awarding Plaintiff Clemente damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)      Awarding Plaintiff Clemente damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Clemente liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Clemente pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Clemente the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

      (r)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

      Plaintiff Clemente demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       November 1, 2018

                      MICHAEL FAILLACE & ASSOCIATES, P.C.

             By:        /s/ Michael Faillace
                  Michael Faillace [MF-8436]
                  60 East 42nd Street, Suite 4510
                  New York, New York 10165
                  Telephone: (212) 317-1200
                  Facsimile: (212) 317-1620
                  *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

October 22, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Isauro Abigail Clemente Vasquez

Legal Representative / Abogado:  Michael Faillace & Associates, P.C.

Signature / Firma:               *Isauro - Clemente*

Date / Fecha:                    22 de Octubre 2018

*Certified as a minority-owned business in the State of New York*