UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAURO ABIGAIL CLEMENTE VASQUEZ, *individually*, <br><br> Plaintiff, <br><br> -against- <br><br> T & W RESTAURANT, INC. (D/B/A SHUN LEE WEST), MICHAEL TONG, BIN HU, XIAORAN WANG, DAVID DITRICK, AND ANDY DOE, <br><br> Defendants. | Case No. 1:18-cv-10167-LTS-HBP <br><br><br> **ANSWER TO** <br> **PLAINTIFF'S COMPLAINT** |

Defendants T & W Restaurant, Inc. ("Shun Lee West"), Michael Tong, and Bin Hu (collectively, the "Defendants"), by and through their attorneys, Littler Mendelson, P.C., as and for their Answer to the Complaint (the "Complaint") filed by Plaintiff Isauro Abigail Clemente Vasquez (the "Plaintiff"), hereby respond as follows:

## NATURE OF ACTION

1.      Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff was employed by Shun Lee West.

2.      Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Shun Lee West owns and operates a Chinese restaurant located at 43 W. 65th Street, New York, New York 10023.

3.      Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Defendant Tong was the former owner of Shun Lee West and Defendant Hu is the current owner.

4.      Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff was employed by Shun Lee West.

5.      Defendants deny the allegations set forth in paragraph "5" of the Complaint.

6.      Defendants deny the allegations set forth in paragraph "6" of the Complaint.

7.      Defendants deny the allegations set forth in paragraph "7" of the Complaint.

8.      Defendants deny the allegations set forth in paragraph "8" of the Complaint.

9.      Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff purport to bring this action on behalf of himself for alleged unpaid minimum and overtime wages, spread of hours pay, liquidated damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

10.     Defendants deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiff seek to invoke the jurisdiction and supplemental jurisdiction of the Court under the statutes referred to therein.

11.     Paragraph "11" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "11" of the Complaint, except admit that venue is proper in this District as to Plaintiff' FLSA claims, but deny that venue is proper in this District as to any of Plaintiff' claims brought pursuant to New York state laws, rules, and/or regulations.

## PARTIES

### *Plaintiff*

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Defendants deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff was employed by Shun Lee West.

*Defendants*

14.     Defendants deny the allegations set forth in paragraph "14" of the Complaint, except admit that Shun Lee West owns and operates a Chinese restaurant located at 43 W. 65th Street, New York, New York 10023.

15.     Defendants admit the allegations set forth in paragraph "15" of the Complaint.

16.     Defendants deny the allegations set forth in paragraph "16" of the Complaint, except admit that Defendant Tong was the former owner of Shun Lee West.

17.     Defendants deny the allegations set forth in paragraph "17" of the Complaint, except admit that Defendant Hu is the current owner of Shun Lee West.

18.     Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19.     Defendants deny the allegations set forth in paragraph "19" of the Complaint.

20.     Defendants deny the allegations set forth in paragraph "20" of the Complaint.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants deny the allegations set forth in paragraph "21" of the Complaint, except admit that Shun Lee West operates a Chinese restaurant located in the Upper West Side section of Manhattan in New York City.

22.     Defendants deny the allegations set forth in paragraph "22" of the Complaint, except admit that Defendant Tong formerly owned and Defendant Hu currently owns Shun Lee West.

23.     Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24.     Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25.     Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26.     Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27.     Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28.     Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29.     Defendants deny the allegations set forth in paragraph "29" of the Complaint, except admit that Shun Lee West's gross annual volume of sales was not less than $500,000 for the past three (3) years.

30.     Defendants deny the allegations set forth in paragraph "30" of the Complaint.

*Individual Plaintiff*

31.     Defendants deny the allegations set forth in paragraph "31" of the Complaint, except admit that Plaintiff was employed by Shun Lee West.

*Plaintiff Isauro Abigail Clemente Vasquez*

32.     Defendants deny the allegations set forth in paragraph "32" of the Complaint, except admit that Plaintiff was employed by Shun Lee West.

33.     Defendants deny the allegations set forth in paragraph "33" of the Complaint, except admit that Plaintiff was employed by Shun Lee West.

34.     Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35.     Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36.     Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37.     Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38.     Defendants deny the allegations set forth in paragraph "38" of the Complaint.

39.     Defendants deny the allegations set forth in paragraph "39" of the Complaint, except admit that Shun Lee West paid Plaintiff his wages by check.

40.     Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41.     Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42.     Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43.     Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44.     Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45.     Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46.     Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47.     Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48.     Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49.     Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50.     Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51.     Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52.     Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53.     Defendants deny the allegations set forth in paragraph "53" of the Complaint.

*Defendants' General Employment Practices*

54.     Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55.     Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56.     Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57.     Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58.     Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59.     Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60.     Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61.     Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.     Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63.     Defendants deny the allegations set forth in paragraph "63" of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
## ALLEGED VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64.     In response to the allegations set forth in paragraph "64" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "63" of the Complaint as if each were fully set forth herein.

65.     Paragraph "65" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph 65" of the Complaint, except admit that Plaintiff was employed by Shun Lee West.

66.     Paragraph "66" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67.     Paragraph "67" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68.     Paragraph "68" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "68" of the Complaint.

69.     Paragraph "69" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70.     Defendants deny the allegations set forth in paragraph "70" of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

**ALLEGED VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

71.     In response to the allegations set forth in paragraph "71" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "70" of the Complaint as if each were fully set forth herein.

72.     Paragraph "72" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73.     Paragraph "73" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74.     Defendants deny the allegations set forth in paragraph "74" of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION**
**ALLEGED VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

75.     In response to the allegations set forth in paragraph "75" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "74" of the Complaint as if each were fully set forth herein.

76.     Paragraph "76" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "76" of the Complaint, except admit that Plaintiff was employed by Shun Lee West.

77.     Paragraph "77" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78.     Paragraph "78" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79.     Defendants deny the allegations set forth in paragraph "79" of the Complaint.

**AS TO THE FOURTH CAUSE OF ACTION
ALLEGED VIOLATION OF THE OVERTIME PROVISIONS
OF THE NEW YORK STATE LAW**

80.     In response to the allegations set forth in paragraph "80" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "79" of the Complaint as if each were fully set forth herein.

81.     Paragraph "81" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "81" of the Complaint.

82.     Paragraph "82" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "82" of the Complaint.

83.     Defendants deny the allegations set forth in paragraph "83" of the Complaint.

**AS TO THE FIFTH CAUSE OF ACTION
ALLEGED VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
OF THE NEW YORK COMMISSIONER OF LABOR**

84.     In response to the allegations set forth in paragraph "84" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "83" of the Complaint as if each were fully set forth herein.

85.     Paragraph "85" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86.     Paragraph "86" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87.     Defendants deny the allegations set forth in paragraph "87" of the Complaint.

**AS TO THE SIXTH CAUSE OF ACTION**
**ALLEGED VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

88.     In response to the allegations set forth in paragraph "88" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "87" of the Complaint as if each were fully set forth herein.

89.     Paragraph "89" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "89" of the Complaint.

90.     Defendants deny the allegations set forth in paragraph "90" of the Complaint.

**AS TO THE SEVENTH CAUSE OF ACTION**
**ALLEGED VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

91.     In response to the allegations set forth in paragraph "91" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "90" of the Complaint as if each were fully set forth herein.

92.     Paragraph "92" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "92" of the Complaint.

93.     Defendants deny the allegations set forth in paragraph "93" of the Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION
## ALLEGED RECOVERY OF EQUIPMENT COSTS

94.     In response to the allegations set forth in paragraph "94" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "93" of the Complaint as if each were fully set forth herein.

95.     Paragraph "95" of the Complaint sets forth conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "95" of the Complaint.

96.     Defendants deny the allegations set forth in paragraph "96" of the Complaint.

## AS TO THE PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to a judgment or any of the relief set forth in the "Prayer for Relief" and the "Wherefore" clause of the Complaint, including all subparagraphs (a) through (r) thereto.

## AS TO THE JURY DEMAND

Defendants neither admit nor deny the allegations set forth in the "Jury Demand" of the Complaint because it states a demand for a jury trial to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      The claims of Plaintiff are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, laches, estoppel, consent, unclean hands, comparative fault, contributory fault, and/or the applicable statute of limitations.

3.      Defendants Tong and Hu are not proper Defendants in this action because they were not, and are not, Plaintiff's "employer" within the scope of the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL").

4.      The FLSA claims of Plaintiff against Defendant Tong are barred in whole by the applicable statute of limitations, and as such, any claims against Defendant Tong shall be dismissed in its entirety because if FLSA claims are dismissed, this Court does not have supplemental jurisdiction to bring NYLL claims against Defendant Tong.

5.      Plaintiff' claims are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the FLSA and NYLL, and had reasonable grounds for believing they were in compliance with the FLSA and NYLL.  Defendants assert a lack of willfulness or intent to violate the FLSA and NYLL as a defense to any claim for liquidated damages made by Plaintiff.

6.     Plaintiff' claims are barred, in whole or in part, because Defendants relied upon and acted in good faith and in conformity with, written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor, and/or any written and unwritten administrative practices or enforcement policies of the United States Department of Labor, within the meaning of the FLSA, 29 U.S.C. § 259, and/or New York State Department of Labor.

7.     Plaintiff is not entitled to any equitable relief because they have an adequate remedy at law.

8.     This Court should not exercise supplemental jurisdiction over the causes of action in the Complaint that purport to arise under the NYLL.

9.     Plaintiff's claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

10.     All decisions made with respect to Plaintiff and all actions taken with respect to his employment were/are made without malice, ill will, fraud, oppression, or any other improper motive.

11.     Plaintiff's claims for damages must be dismissed to the extent that they have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, or to the extent that they have been mitigated.

12.     If Plaintiff succeeds in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the

extent any additional compensation was paid to Plaintiff over and above his wages and/or beyond the time period compensable under the FLSA and/or NYLL.

13.     Even if Defendants have, in fact, failed to pay Plaintiff for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

14.     Plaintiff's FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which their total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

15.     At all times, Defendants made complete and timely payments of all wages due to Plaintiff under Article 6 or Article 19 or Article 19-A of the NYLL or under the FLSA.

16.     At all times, Defendants reasonably believed in good faith that they provided Plaintiff with adequate notice of wage information pursuant to New York Labor Law § 195(1).

17.     To the extent Plaintiff seeks penalties under NYLL for any claims, these claims may not proceed as a class action by operation of New York Civil Practice Law and Rules § 901(b).

18.     To the extent discovery reveals that Plaintiff falsely reported his hours, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff.

19.     Plaintiff is not entitled to declaratory or injunctive relief.

20.     Plaintiff is not entitled to pre-judgment or post-judgment interest.

-13-

21.     Plaintiff's claims are barred, in whole or in part, to the extent that the work he performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, and NYLL, or, alternatively, should be reduced by any credits, recoupments or offsets provided under the FLSA and NYLL.

22.     In addition to the foregoing defenses, Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action or to pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendants be awarded their costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and proper.

Date:   February 28, 2019
        New York, New York

/s/ Kevin K. Yam
_____
Eli Z. Freedberg
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, New York 10022
efreedberg@littler.com
kyam@littler.com
*Attorneys for Defendants*
*T & W Restaurant, Inc. ("Shun Lee West"),*
*Michael Tong, and Bin Hu*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of February 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the docket via transmissions of Notices of Electronic Filing generated by CM/ECF.

/s/ *Kevin K. Yam*
Kevin K. Yam