UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
ISAURO ABIGAIL CLEMENTE VASQUEZ,  :

      Plaintiff, : 18 Civ. 10167 (HBP)

 -against-     : OPINION
           AND ORDER
T & W RESTAURANT, INC., et al., :

      Defendants. :

----------------------------------X

    PITMAN, United States Magistrate Judge:

    On June 4, 2018, I presided over a settlement conference attended by the parties and their counsel, at which a settlement was reached. This matter is now before me on the parties' joint application to approve their settlement.¹ All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

    Plaintiff, who alleges that he worked as a food prep worker the defendants' restaurant, brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"). Plaintiff claims that defendants failed to pay him properly for all the hours that he worked and failed to pay him overtime premium pay. Plaintiff also

---

¹The parties have agreed that I may use the information that I learned at the settlement conference to consider the fairness of the settlement. I also note that the parties have advised me that they intend to memorialize the terms of the settlement in a formal settlement agreement.

asserts that defendants failed to comply with the wage statement and wage notice requirements of the NYLL. Plaintiff claims that he is entitled to a total of approximately $209,593.00 in damages, plus attorney's fees.

Although defendants admit that plaintiff worked for the restaurant as a food preparer, they deny all of plaintiff's remaining material allegations. For almost the entire period at issue, defendants, who paid plaintiff on the books, maintained a time clock. The records offered at the settlement conference, which appear to be accurate, indicate that plaintiff was consistently paid at the legal rate for all the hours that he worked.

Following a protracted discussion at the settlement conference of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for the total amount of $30,000.00, payable within thirty days of the entry of an Order approving the settlement. The parties also agreed that one-third of this amount will be paid to plaintiff's counsel as a fee, the parties will exchange general releases and that plaintiff will not seek re-employment with defendants.

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). With one exception, the settlement here satisfies these criteria.

Although the settlement amount represents a modest percentage of plaintiff's claimed damages, this fact does not render the settlement unreasonable. As noted above, defendants have an array of documentary evidence refuting plaintiff's claims. Plaintiff claims that he has witnesses who will corrobo-

3

rate his version of the events; his counsel, however, candidly admitted that these witnesses have not yet been interviewed. In addition, plaintiff's damages are incorrectly calculated. In calculating damages, plaintiff credited the defendants with the net amount of plaintiff's pay, i.e., the amount left after taxes, F.I.C.A. and Medicare payments were deducted. Defendants, however, are entitled to a credit for the gross amount paid to plaintiff. This error in plaintiff's calculation resulted in a substantial overstatement of plaintiff's claimed damages. As discussed in more detail below, given the risks at a trial, the settlement amount is reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants dispute plaintiff's claim that he was not properly paid, and they have documentary evidence to support their position. A trial would likely require depositions of the parties and the non-party witnesses each side has identified to explore plaintiff's claims and the accuracy of defendants' records. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. To prevail at trial, plaintiff will bear the burden of proving the number of hours he worked, in the face of time-clock records contradicting plaintiff's contentions. Given the facial accuracy of defendants' records and the fact

that plaintiff was paid on the books -- a rarity in most FLSA cases -- there is a non-trivial risk that a fact finder may not credit plaintiff's testimony. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, because I presided over the settlement conference and the settlement number was suggested by me as a mediator's proposal, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at a judicially supervised settlement conference. This fact further negates the possibility of fraud or collusion.

The parties have also agreed to execute mutual general releases.[2] Judges in this District have approved FLSA settlements containing mutual general releases where, as here, the plaintiff is no longer employed by defendants and the settlement represents a clean break in the parties' relationship. Rosario v. Structural Preservation Sys., LLC, 18 Civ. 83 (HBP), 2019 WL 1383642 at *3 (S.D.N.Y. Mar. 27, 2019) (Pitman, M.J.) (colleting cases); Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.); accord Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL

---

[2] In order for a general release to be truly mutual and, thus, consistent with the "primary remedial purpose" of the FLSA, a plaintiff must receive general releases from all the persons and entities to whom he provides a general release. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015); see Chowdhury v. Brioni Am., Inc., 16 Civ. 344 (HBP), 2017 WL 5125535 at *3 (S.D.N.Y. Nov. 1, 2017) (Pitman, M.J.) (rejecting settlement where general release was not "truly mutual" because plaintiffs released "a broad array of persons and entities other than the named defendants, including defendants' former, present and future employees . . ." yet plaintiffs only received a release from defendants' claims).

922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.). Accordingly, I find the release agreed to by the parties permissible.

The one objectionable aspect of the settlement is the prohibition against plaintiff's seeking re-employment with defendants. Such provisions are not permissible in an FLSA settlement. Cruz v. Relay Delivery, Inc., 17 Civ. 7475 (JLC), 18 Civ. 3052 (JLC), 2018 WL 4203720 at *1 (S.D.N.Y. Sept. 4, 2018) (Cott, M.J.) (collecting cases).

Finally, the settlement provides that 33.3% of the net settlement fund -- $10,000.00 -- will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement,

7

and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Although I cannot approve the settlement as it currently stands, I am willing to do so if counsel advise me that the objectionable prohibition against plaintiff's re-employment with defendants is no longer a provision of the settlement. Accordingly, no later than July 15, 2019, counsel are to advise whether both sides agree to excise the no-rehire provision from the settlement.

Dated: New York, New York
July 1, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8